UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jeffrey & Lara Kalt, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Allied Interstate, Inc., | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Jeffrey & Lara Kalt, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiffs, Jeffrey & Lara Kalt (hereafter "Plaintiffs"), are each an adult individual residing in Litchfield, Connecticut, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Allied Interstate, Inc. (hereafter "Defendant"), is a Minnesota corporation with a principal place of business located at 140 Cypress Station Drive, Houston, Texas 77090, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The underlying debt stemmed from an American Express card under which Lara Kalt was the primary cardholder and Jeffrey Kalt was an authorized user.

10. On June 2, 2009, the Defendant's individual debt collector, who identified himself as "James Duncan" called Jeffrey Kalt and demanded payment on the debt.

11. James Duncan was extremely rude and abusive on the telephone with Jeffrey Kalt and immediately began making threats to sue him.

12. After James Duncan hung up with Jeffrey Kalt, he immediately contacted Lara Kalt.

13. Lara Kalt is a school teacher who was in her classroom when she received the phone call.

14. James Duncan threatened to contact Lara Kalt's payroll department, implying that he would be garnishing her wages.

15. James Duncan was extremely rude and abusive on the telephone with Lara Kalt and caused her to believe the payroll department and staff members at her place of employment would be informed of her debt.

16. Lara Kalt was so distraught after the telephone call that she had to leave her classroom.

17. The Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Defendant contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

20. The Defendant used profane and abusive language when speaking with the consumers, in violation of 15 U.S.C. § 1692d(2).

21. The Defendant threatened the Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

22. The Defendant threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiffs are entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

25. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant is a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

27. The Defendant engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

28. The Plaintiffs are entitled to damages as a result of the Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiffs;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 4, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs